UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:23-mj-02033 |
| | ) | |
| | ) | CHIEF JUDGE CRENSHAW |
| | ) | |
| JOSIAH ERNESTO GARCIA | ) | |

## EMERGENCY MOTION FOR STAY OF RELEASE ORDER

The United States of America, by and through Henry C. Leventis, United States Attorney, and Brooke K. Schiferle, Assistant United States Attorney, hereby moves for a stay of the Magistrate Judge's Release Order as to Josiah Ernesto Garcia (hereinafter "defendant").

In support of the United States' Motion for Stay, the United States submits that defendant was charged by Criminal Complaint of violating 18 U.S.C. §1958 – Use of Interstate Commerce Facilities in the Commission of Murder for Hire. Defendant was arrested on the complaint on April 13, 2023, for conduct that occurred between February 16, 2023, through April 12, 2023, wherein defendant used the internet and his cellphone to attempt to obtain employment has a hired killer.

The Criminal Complaint contains a detailed account of the crime. (D.E. 1). In short, defendant, on his own volition, reached out to a website advertising hitman services, and applied for employment, touting his military-taught shooting skills. Defendant repeatedly followed up, requesting to be interviewed and hired as a hit man. After those communications were referred to the FBI, defendant met with an undercover agent and agreed to kill targets for money. Defendant agreed to perform torture and take body parts as trophies if required. And then, when presented with a "target package" containing information about an actual target (photographs of a real person combined with fictitious identifying information), defendant accepted the job, and took the down

1

payment of $2500 for the kill. Defendant walked away from the undercover agent telling him that his next steps would be to surveil the area where the target lived, and that he planned to use his earnings to purchase more guns. Defendant planned to perform the murder by shooting the target, using the AR-style rifle that he owns, and after his arrest, that rifle was recovered from his bedroom.

On April 13, the United States filed a detention motion and the Defendant requested a hearing, which was set for April 18, 2023. At that hearing, the Magistrate Judge heard from FBI Special Agent Stephen Hunter who summarized the facts of the case as stated above. The United States introduced several exhibits including actual recordings of statements made by defendant. Those statements, wherein defendant expressed his excitement and readiness to obtain employment as a hired killer, were played in open court. The Court then heard from defendant's mother, who told the Court that she knew that defendant was pursuing employment as a contract killer, but that she thought it was part of a secret government operation. At the conclusion of the hearing, the Magistrate Court did not rule on the Government's Motion but, instead, continued the hearing to allow defense counsel to locate and present evidence of a suitable third-party custodian.

On April 19, 2023, the Magistrate Judge took the detention hearing back up. At that time defendant's sister testified that she would serve as a third-party custodian and that defendant could live with her at her home in Ohio.

Despite the evidence presented during the detention hearing and Pre-trial Services Report, which rerecommended detention, the Magistrate Judge denied the United States' Motion for Detention, and announced his intention to issue a Release Order and Conditions of Release. Upon the United States' oral motion, the Magistrate Judge granted a stay of that order until April 20, 2023, at 10:00a.m.

The United States has moved this Court for revocation of the Release Order pursuant to 18 U.S.C. § 3145(a)(1). (D.E. 10) Whether detention of a defendant pending trial is warranted is a mixed question of law and fact subject to de novo review. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The United States has requested the recording from the detention hearing and anticipates having a transcript of the detention hearing to provide to the Court for its consideration of the United States' Motion for Revocation of Release Order. The Defendant must also have the opportunity to review the United States' Motion for Revocation and file his responsive pleadings.

The United States is requesting a stay of the Magistrate Judge's Release Order and Conditions of Release because, given the nature of the charges and the specific facts of this case, the United States submits that the Defendant is a danger to the community and a flight risk which cannot be controlled with conditions of release. The Defendant's release poses a real danger to members of the public.

Granting this Motion for Stay and Motion to Remand Defendant to the Custody of the U.S. Marshals would return the parties to the status quo placing them in their respective positions prior to the detention hearing being held. For the foregoing reasons, the United States respectfully requests this Court grant its motions.

Respectfully Submitted,

HENRY C. LEVENTIS
United States Attorney

By: */s/ Brooke K. Schiferle*
Brooke K. Schiferle
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
(615) 401-6655

## CERTIFICATE OF SERVICE

    The Undersigned hereby certifies that a true and exact copy of the foregoing motion will be served electronically to counsel for Defendant via CM/ECF on April 19, 2023.

    */s/ Brooke K. Schiferle*
    Brooke K. Schiferle

4

Case 3:23-mj-02033   Document 11   Filed 04/19/23   Page 4 of 4 PageID #: 27